**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

  v.

JOAQUIN ROBLES,

        Defendant-Appellant.

No. 21-50187

D.C. No. 3:20-cr-03452-TWR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Joaquin Robles appeals from the district court's judgment and challenges a condition of supervised release imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Robles contends that, because his son is a felon, the standard supervised release condition prohibiting him from communicating or interacting with someone he knows is a felon without the permission of the probation officer infringes on a particularly significant liberty interest. Thus, Robles argues, the district court was required to explain more fully why it was imposing the condition without an exception for his son. *See United States v. Wolf Child*, 699 F.3d 1082, 1092 (9th Cir. 2012). We review for plain error because Robles did not object to the condition in the district court. *See id.* at 1089. Given the record before the district court and Robles's relationship with his son, we cannot say that the district court plainly erred in failing to explain why it did not exempt Robles's son from the condition. *See United States v. Olano*, 507 U.S. 725, 732-35 (1993) (describing elements of plain error review).

**AFFIRMED.**